the existence of the restrictive covenant depreciated or lessened the value of the property. The rule was in no wise questioned, but rather recognized, and reaffirmed upon a second appeal in the same case (74 N. Y. 370), although the purchaser was there relieved of his bid because it was made clearly to appear that the restriction did injuriously affect the value of the property.

It is quite true that there are to be found cases in which the authority of Riggs v. Pursell has been unsuccessfully invoked; but in every such case it will be found upon examination either that the defect complained of has been an actual defect in the title; or it has been made to appear that the existence of the restrictive covenant actually impaired the value of the property; or the question has arisen under a contract of sale where the vendor has covenanted to make conveyance free from incumbrances. The distinction between a question arising under such a contract, and one arising upon a judicial sale, is indicated in Wetmore v. Bruce, 118 N. Y. 319, 23 N. E. 303. In the present case there is no evidence nor presumption that the covenant unfavorably affects the value of the property. If any presumption is to be indulged in, it should be the other way. Riggs v. Pursell, supra. It appears that one man who desired to build a stable, would not purchase because he feared that the covenant might prevent the use of the land. This is certainly no evidence that the property may not, because a stable cannot be erected on this lot, and others affected by the same covenant, be even more valuable for purposes not within the restriction; than it would be if no restriction existed. That there is other property in the immediate vicinity affected by the same covenant we must assume; for otherwise there could be no one to enforce the covenant and it would constitute no incumbrance. As I read the authorities, the law applicable to the state of facts shown in the present case was settled by the Court of Appeals years ago, and has remained unquestioned ever since. I do not conceive that it is our duty to state and apply a contrary rule.

The order appealed from should be reversed, and the motion granted.

---

(115 App. Div. 352)

### HENRY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. APPEAL—RECORD—DEFECTS—RESETTLEMENT—AUTHORITY OF TRIAL COURT.

Appellant, dissatisfied with the settlement of the case on appeal, has a right to move on additional affidavits for a resettlement.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2547, 2548.]

2. SAME—PROCEEDINGS.

A motion for a resettlement of a case must be made on notice returnable at special term, part 1.

3. SAME.

Since the settlement of the case on appeal must be made by the justice presiding at the trial, so that, if he is not sitting at Special Term, Part 1, when a motion for a resettlement is returnable, it is the duty of the justice presiding to refer the motion to the trial justice for decision.

Appeal from Special Term, New York County.

Action by James Henry, an infant, by Christopher Henry, his guardian ad litem against the Interurban Street Railway Company. From an order denying a motion to remit the case on appeal for resettlement, and denying a motion for a resettlement, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry A. Robinson (Bayard H. Ames and Anthony J. Ernest, of counsel), for appellant.

Levy & Unger (Henry A. Unger, of counsel), for respondent.

PER CURIAM. This is an appeal by the defendant from an order of Special Term denying the defendant's motion to remit the case on appeal for resettlement to the justice who presided at the trial of the case, and denying a motion for the resettlement. The defendant, if not satisfied with the settlement of the case, had a right to move, on additional affidavits for a resettlement. Such a motion requiring to be made upon notice was properly returnable at Part 1, Special Term. As the settlement of a case on appeal is to be made by the justice presiding at the trial, if he was not sitting at Special Term, Part 1, when the motion was returnable, it was the duty of the justice so presiding to refer said motion to said trial justice for decision. The refusal in the case at bar to so remit the motion, and to undertake to determine it at Special Term, was error.

The order appealed from should be reversed, with $10 costs and disbursements, and the original motion directed, to be remitted for decision to the justice, who presided at the trial of the action.